# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| RICHARD LEE MELLOR,<br><br>       Plaintiff,<br><br>vs.<br><br>ARNOLD A. STEVENSON, INTERNAL REVENUE SERVICE,<br><br>       Defendants. | No. C05-0047-LRR<br><br>ORDER |

This matter is before the court pursuant to the defendants' motion to dismiss (Docket No. 6). Also before the court is the plaintiff's motion for automatic stay of execution (Docket No. 4) and affidavit/declaration (Docket No. 7).

On March 7, 2005, the plaintiff submitted a complaint and a motion for automatic stay of execution. Rather than file a responsive pleading, the defendants timely filed a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure. The defendants specifically relied on subsection (b)(1), that is, lack of jurisdiction over the subject matter, and subsection (b)(6), that is, failure to state a claim upon which relief can be granted. On May 3, 2005, the plaintiff filed a copy of the defendants' motion to dismiss with the words "refused for cause without dishonor and, without recourse to me" typed on each page. He also filed an affidavit/declaration. In his affidavit/declaration, the plaintiff took issue with the defendants' decision to file a motion to dismiss rather than an answer to his complaint. Relying on Rule 55 of the Federal Rules of Civil Procedure, the plaintiff asked the court to enter default judgment in his favor because the defendants did not respond to his complaint in the manner that he desired.

Rule 12 of the Federal Rules of Civil Procedure, in relevant part, states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counter claim, cross-claim, or third-party claim, shall be asserted in a responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under rule 19.

Fed. R. Civ. P. 12(b). Such rule clearly allows a party to file a motion in lieu of a responsive pleading. *See id.* The defendants appropriately utilized Rule 12 of the Federal Rules of Civil Procedure when they filed their motion to dismiss. Consequently, the plaintiff needed to resist the defendants' motion to dismiss by April 22, 2005. *See* L.R. 7.1(e). To date, the plaintiff has not filed a resistance. Because it is properly supported and unresisted, the defendants' motion to dismiss (Docket No. 6) is granted. *See* L.R. 7.1(f). Accordingly, the Clerk of Court is directed to enter judgment dismissing this action. Having determined that it is appropriate to dismiss this action, the plaintiff's motion for automatic stay of execution (Docket No. 4) is denied as moot. To the extent the defendant is requesting default judgment, such request (Docket No. 7) is denied.

**IT IS SO ORDERED**.

**DATED** this 17th day of May, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA